**STATE of Utah, Plaintiff and Respondent,**

v.

**David L. LARSON, Defendant and Appellant.**

No. 860492.

Supreme Court of Utah.

May 26, 1988.

Robert W. Gutke, Logan, for defendant and appellant.

David L. Wilkinson, Sandra Sjogren, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant challenges the constitutionality of the minimum mandatory sentencing scheme of the child sodomy statute [1] on the grounds of equal protection, cruel and unusual punishment, and vagueness. He also challenges the propriety of his sentence for sexual abuse of a child.

Defendant was charged with one count of sodomy [2] on his five-year-old stepdaughter and one count of sexual abuse [3] of his four-year-old stepdaughter. The offenses were committed in defendant's home, where the victims had resided since defendant's marriage to their mother five months previously. The offenses were committed in sequence on the same day and in the presence of both victims, at a time when their mother was away from the home. Defendant entered a plea of guilty to each offense as charged and sought to be placed on probation by virtue of his relationship as a stepparent.

In a case of sodomy on a child committed by a stepparent, the court has the discretion to consider probation if certain statutorily enumerated circumstances are established by a preponderance of the evidence. Utah Code Ann. § 76–5–406.5 (Supp.1987) provides in part:

> (1) In a case involving rape of a child, attempted rape of a child, or sodomy upon a child involving the actor's genitals and the mouth or anus of the child, where the defendant is the victim's parent, stepparent, adoptive parent, or legal guardian who has lived in the household in the role of a parent to the victim for a

---

1. Utah Code Ann. §§ 76–5–403.1(2), 76–5–406.5 (Supp.1987), 76–3–201 (Supp.1986) (amended 1987); *see also* §§ 76–3–406, 77–27–9 (Supp. 1987).

2. In violation of Utah Code Ann. § 76–5–403.1(1) (Supp.1987).

3. In violation of Utah Code Ann. § 76–5–404.1(1) (Supp.1987).

continuous period of time of at least one year prior to the earliest offense, and the victim was more than five years of age at the time the earliest offense was alleged or proven, execution of sentence may be suspended and probation may be considered only if all of the following circumstances are found by the court to be present and the court in its discretion, considering the circumstances of the offense, including the nature, frequency, and duration of the conduct[,] finds probation or suspension of sentence to be proper:

(a) the defendant did not use a weapon or use force, violence, substantial duress or menace, or threat of harm in committing the offense;

(b) the defendant did not cause bodily injury to the victim during or as a result of the offense and did not cause the victim severe psychological harm;

(c) the defendant, prior to the offense, had not been convicted of any public offense in Utah or elsewhere involving sexual misconduct in the commission of the offense;

(d) the defendant did not commit an offense described in Part 4 of this chapter against any other victim, at the same time, or during the same course of conduct, or previous or subsequent to the instant offense, except where the additional victim is within the same family and the court finds unusual circumstances exist justifying the granting of probation;

(e) the defendant did not use, show, or display pornography or create sexually-related photographs or tape recordings in the course of the offense;

(f) the defendant did not act in concert with another offender during the offense or knowingly commit the offense in the presence of a person other than the victim or, with lewd intent to reveal the offense to another;

(g) it is in the victim's best interests that the defendant not be imprisoned;

(h) the defendant has been accepted for mental health treatment in a recognized family sexual abuse treatment center which specializes in dealing with the kind of child sexual abuse occurring in this case;

(i) the defendant, as a condition of probation, will maintain residency outside the home for at least one year beginning with the commencement of treatment, and the defendant, as a condition of probation, will not again take up residency in the home until allowed to do so by order of the court;

(j) rehabilitation of the defendant through treatment is probable;

(k) a jail term of at least 30 days is served prior to treatment and probation is imposed for ten years maximum;

($l$) the defendant did not encourage, aid, allow, or benefit from any act of prostitution or sexual act by the victim with any other person, or sexual performance by the victim before any other person.

. . . .

(3) The defendant has the burden to establish by a preponderance of evidence eligibility under all of the criteria of this section.

■ At the time of sentencing, the trial court observed that defendant had failed to establish by a preponderance of evidence his eligibility for probation under all of the criteria required by section 76–5–406.5, namely, defendant had not assumed the role of stepfather for a continuous period of at least one year prior to committing the offense of sodomy, the offense of sexual abuse of a child was committed against another victim at the same time or during the same course of conduct, and the offenses were committed in succession in the presence of both victims. Therefore, the court appropriately concluded that defendant was ineligible for probation, and it did not err in imposing the minimum mandatory prison sentence of five years.

■ Defendant contends that section 76–5–406.5 deprives him of equal protection in violation of both the federal and state constitutions because it arbitrarily permits a stepparent that has resided with the child victim for more than a year to be placed on probation, but denies the privilege of pro-

bation to a stepparent that has resided with the victim a lesser period of time. Defendant asserts that there is no valid legislative purpose to be served by a distinction which treats similarly situated persons differently. However, we need not, and therefore do not, reach defendant's equal protection claim because he was not denied probation simply on the basis of the inadequacy of his status as a stepparent.[4] Rather, the trial judge based his decision on two other statutorily defined circumstances, namely, that defendant victimized both stepchildren during the same course of conduct[5] and that the offenses were committed in the presence of both children.[6]

Subsection 76-5-406.5(1) expressly requires that in order to be considered for probation, a defendant must demonstrate his eligibility under all twelve of the criteria set forth therein. Defendant was unable to do so in the two specific categories just mentioned. The trial judge therefore did not err in imposing the minimum mandatory prison sentence.

■ Defendant's contention that his minimum mandatory five-year sentence constitutes cruel and unusual punishment was previously addressed in *State v. Bishop*,[7] which decision is dispositive of that issue. There is nothing about defendant's sodomy conviction that distinguishes it from those in *Bishop* or in any way indicates that the harshness of the penalty is so disproportionate to the nature of the crime that it constitutes cruel and unusual punishment.

■ Similarly, defendant's contention that the minimum mandatory sentencing scheme is unconstitutionally vague was decided in *State v. Egbert*,[8] which decision is dispositive of the issue here.[9]

Defendant's remaining point on appeal is that he also received a minimum mandatory sentence of five years for the offense of sexual abuse of a child, whereas Utah Code Ann. § 76-5-404.1(2) (Supp.1987) provides for a sentence of one to fifteen years. The record reflects that at the time of sentencing, the trial judge correctly imposed a sentence of one to fifteen years for the offense of sexual abuse of a child. However, when the judgment was prepared, it reflected the sentence of the court to be as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the said Defendant be sentenced as follows:

1. Prison: Count 1: Five years to life Utah State Prison; minimum sentence of five years. Count 2: One to 15 years Utah State Prison; minimum sentence of five years. Said sentenced [sic] to run concurrent. . . .

It is thus necessary to remand for the purpose of correcting the judgment to reflect the actual sentence of one to fifteen years that was imposed. In all other respects, the judgment and sentences of the court are affirmed.

HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.

---

4. *See Hoyle v. Monson*, 606 P.2d 240, 242 (Utah 1980) (The constitutionality of a statute should be passed upon only when such a determination is essential to the decision in a case); *see also Blum v. Stone*, 752 P.2d 898 (Utah 1988).

5. Utah Code Ann. § 76-5-406.5(1)(d) (Supp. 1987).

6. Utah Code Ann. § 76-5-406.5(1)(f) (Supp. 1987).

7. 717 P.2d 261, 268-72 (Utah 1986).

8. 748 P.2d 558 (Utah 1987); *see also State v. Gerrish*, 746 P.2d 762 (Utah 1987).

9. *See Egbert*, 748 P.2d at 559 n. 2; *Gerrish*, 746 P.2d at 762; *State v. Kaus*, 744 P.2d 1375, 1376 (Utah 1987).