STATE of Utah, Plaintiff and Appellee,

v.

Dave **LORRAH**, Defendant and Appellant.

No. 870255.

Supreme Court of Utah.

Aug. 26, 1988.

Andrew A. Valdez, Elizabeth A. Bowman, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Christine F. Soltis, Salt Lake City, for plaintiff and appellee.

PER CURIAM:

Defendant pleaded guilty to one count of rape of a child, a first degree felony under Utah Code Ann. § 76–5–402.1 (Supp.1987), punishable by imprisonment for a minimum mandatory term of five, ten, or fifteen years and which may be for life. Defendant was present and sentenced at a hearing on November 7, 1986. A lengthy discussion ensued among court, prosecutor, and defendant's counsel as to which minimum mandatory sentence should be imposed upon defendant in view of the fact that he was in need of psychological treatment for his disorder at the earliest possible time. The judge orally pronounced sentence of the court that "the defendant be incarcerated in the Utah State Prison for the indeterminate sentence as provided by statute with the minimum recommendation of ten years."

A substitute clerk filled out a preprinted "judgment, sentence (commitment)" form by checking a box providing for a sentence "not to exceed _____ years" and inserting the number 10 on the blank line. On November 13, the trial judge's regular clerk prepared an amended judgment, checked a box providing for a sentence "to a maximum mandatory term of _____ years and which may be for life," and inserted the number 10 on the blank line.

On May 30, 1987, defendant requested transcripts of both hearings from the clerk of the district court, stating that he was neither present nor represented on the date of the amended judgment. He also sent a letter to the Judicial Conduct Commission, charging the trial court with improper conduct in handling the case and pointing to the discrepancies in the judgments. The trial judge held a hearing on June 26, 1987, at which defendant was present and represented by counsel and explained to defendant why the second judgment had been entered. He acknowledged at that time that the printed form contained an error and that the notation "maximum mandatory term" should properly read "minimum mandatory term" and informed defendant that he had amended that form once again.

Defendant appeals from that third sentence.

Defendant first contends that the second sentence imposed in his absence denied him his due process right of allocution as guaranteed by article I, section 7 of the Utah Constitution and under common law as codified in Utah Code Ann. § 77–35–22(a) (1982). The State responds that the amended judgment was no more than the correction of a clerical mistake and did not require notice to defendant.

■ The trial court may correct clerical mistakes in judgments at any time, with or without notice as the court may order. Utah R.Crim.P. 30(b). A clerical error, as contradistinguished from judicial error, is not "the deliberate result of the exercise of judicial reasoning and determination." *State v. Mossman*, 75 Or.App. 385, 706 P.2d 203, 204 (1985) (quoting 1 Freeman, *Judgments* § 146, at 284 (5th ed.)). Clerical errors have frequently been corrected by this Court without the benefit of notice to a defendant. *State v. Larson*, 758 P.2d 901 (1988); *State v. Gerrish*, 746 P.2d 762 (Utah 1987). To ascertain the clerical nature of the mistake, this Court will look to the record to harmonize the intent of the court with the written judgment. *State v. Shelby*, 728 P.2d 987 (Utah 1986). See also *United States v. Mason*, 440 F.2d 1293 (10th Cir.1971), *cert. denied*, 404 U.S. 883, 92 S.Ct. 219, 30 L.Ed.2d 165 (1971), where the language and intent of the court's pronouncement of oral sentence was ascertained to clear up any ambiguity in the written order.

The record indicates that the dialogue between court and counsel at the initial sentencing hearing in November of 1986 was focused primarily on the minimum sentence to be imposed upon defendant in the interest and protection of society and of defendant himself. Defendant's counsel acknowledged that the hands of everyone, including the judge, were tied in face of the minimum mandatory sentencing scheme that the legislature had imposed for offenses of the type committed by defendant. He urged the court to impose the lowest mandatory term to allow defendant to enter a rehabilitation program at the earliest possible time. The court imposed the minimum sentence of ten years.

 Even assuming *arguendo* that the trial court committed judicial error in initially sentencing defendant to a sentence "not to exceed ten years," that sentence could not have stood in face of the mandate of section 76–5–402.1(2), calling for minimum mandatory terms of five, ten, or fifteen years and which may be for life. Under Utah Rule of Criminal Procedure 22(e), the court had the power to correct "any illegal sentence, or a sentence imposed in an illegal manner, at any time."

We hold that the amended judgment entered by the trial court reflected but a correction of a clerical mistake and that defendant's due process right of allocution was satisfied in the first sentencing hearing held in his presence, where he was addressed by the judge and elected to speak.

Defendant next claims that the trial court failed to follow the sentencing guidelines of Utah Code Ann. § 76–3–201 (Supp. 1987) in that the new sentence imposed by the court was greater than the initial sentence. We have previously rejected a similar argument made by defense counsel in *State v. Reed*, 709 P.2d 391 (Utah 1985), where the court clarified the defendant's sentence at his request. Both in that case and in the one under review, the initial sentence was neither modified nor lengthened but was strictly a clarification of the pronounced sentence which was improperly reduced to writing.

We reject defendant's argument that the new sentence was not imposed within 120 days of the initial commitment as provided in Utah Code Ann. § 76–3–201(6)(a). As stated, both clerical errors and illegal sentences may be corrected at any time.

AFFIRMED.