**Lorin Walter PARRY, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 910750–CA.

Court of Appeals of Utah.

Sept. 9, 1992.

Lorin Walter Parry, pro se.

R. Paul Van Dam, Atty. Gen., and David F. Bryant, Asst. Atty. Gen. (argued), Salt Lake City, for respondent and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

OPINION

GREENWOOD, Judge:

Defendant, Lorin Parry, appeals from the district court's order denying his petition for writ of habeas corpus. We affirm.

BACKGROUND

On November 8, 1984, defendant was convicted after a jury trial, of aggravated burglary, aggravated assault, and forcible sexual abuse. In announcing the convictions and sentences from the bench, the trial court apparently described the aggravated burglary count as "aggravated burglary, a *third* degree felony."[1] The subsequent written judgment and sentence, dated and signed by the court the same day, read, "Aggravated Burglary, a *First* Degree Felony." (Emphasis added). Defendant filed a petition for writ of habeas corpus in the third judicial district in February 1991, claiming that his restraint was unlawful and unconstitutional because of the discrepancy between the oral and the written judgment on the aggravated burglary conviction. After review, the district court dismissed defendant's petition with prejudice. This appeal followed.

STANDARD OF REVIEW

"On an appeal from a denial of a writ of habeas corpus, we survey the record in the light most favorable to the findings and judgment" of the trial court. *Hall v. Utah Bd. of Pardons*, 806 P.2d 217, 217 (Utah App.1991) (citing *Bundy v. Deland*, 763 P.2d 803, 805 (Utah 1988)). "We will not reverse if there is a reasonable basis in the

---

1. The parties have not provided a transcript of the judgment and sentencing, but the State does not dispute defendant's description. While lack of a transcript would normally lead us to presume the correctness of the trial proceedings, the State's failure to argue on that basis necessitates acceptance of facts as claimed by defendant. Also, neither party has set forth the oral sentence imposed by the trial court. We have only the written judgment and sentencing (commitment) form indicating sentencing appropriate to a first degree felony, five years to life.

record to support the trial court's denial of the writ." *Id.*

## ANALYSIS

The sole issue on appeal is whether the trial court's oral judgment should supersede the subsequent written judgment. Defendant argues that the oral judgment made in his presence controls. He requests that this court amend the written judgment so as to conform to the oral judgment. In support of his position, defendant cites federal court cases decided under the Federal Rules of Criminal Procedure holding that where there is a direct conflict between an unambiguous oral court order and a written order, the oral order controls. *See, e.g., United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974); *see also, United States v. Mason*, 440 F.2d 1293, 1299–1300 (10th Cir. 1971) (the oral sentence prevails where there is a variance between the oral and written sentence), *cert. denied, Edwards v. U.S.*, 404 U.S. 883, 92 S.Ct. 219, 30 L.Ed.2d 165 (1971); *Spriggs v. United States*, 225 F.2d 865, 868 (9th Cir.1955) (the order of the court is the pronouncement made in open court), *cert. denied*, 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830 (1956). We are not convinced that the cases cited are applicable to defendant's situation.

The aggravated burglary judgment the court pronounced in defendant's presence is a legal impossibility under Utah law. Aggravated burglary is defined in Utah Code Annotated section 76–6–203 (1990) as "a first degree felony." Defendant was charged with "aggravated burglary, a first degree felony." The jury found him guilty of aggravated burglary. The trial court's oral judgment of "aggravated burglary, a third degree felony," created an illegal or impossible conviction, because under Utah's statutory definition of aggravated burglary, it is a first degree felony.

Under the reasoning of *State v. Lorrah*, 761 P.2d 1388 (Utah 1988), defendant's conviction was properly corrected in the subsequent written judgment. In *Lorrah*, de-

fendant pled guilty to a felony subject to minimum mandatory prison terms. The written judgment was amended twice to properly include a minimum mandatory term. The supreme court affirmed the corrected judgment as correction of a clerical mistake and also on the basis that the earlier written judgment was contrary to statutory requirements. *Id.* at 1389–90. "Under Utah Rule of Criminal Procedure 22(e), the court ha[s] the power to correct 'any illegal sentence, or a sentence imposed in an illegal manner, at any time.'" *Id.* at 1390. Similarly, in *State v. Wallace*, 116 Idaho 930, 782 P.2d 53, 55 (App.1989), the Idaho court noted that an oral sentence which is legally defective may be superseded by a written judgment correcting the defect. (citing *State v. Greensweig*, 102 Idaho 794, 641 P.2d 340, 346 (App.1982)).

It is clear in this case that defendant's written judgment and sentence articulated the trial court's intention, consistent with the jury's verdict and the statutory mandate. Furthermore, the oral judgment by the trial court was ambiguous because of its conflict with the statute, and, therefore, legally defective. Accordingly, there is no basis requiring us to amend the written judgment to conform to the oral judgment. Indeed, it is impossible given the internal inconsistency in the oral judgment.

## CONCLUSION

There is a reasonable basis in the record to support the trial court's denial of defendant's petition for writ of habeas corpus. The trial court judgment is affirmed.

BILLINGS, J., concurs.

BENCH, J., concurs in result only.