2009 UT App 285
**STATE of Utah, Plaintiff and Appellee,**

v.

**Armand Kwanza BROWN, Defendant and Appellant.**

**No. 20080435–CA.**

Court of Appeals of Utah.

Oct. 8, 2009.

Linda M. Jones, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Kenneth A. Bronston, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., DAVIS and McHUGH, JJ.

## OPINION

McHUGH, Judge:

¶ 1 Armand Kwanza Brown was convicted of aggravated assault, *see* Utah Code Ann. § 76–5–103 (2008),[1] and aggravated burglary, *see id.* § 76–6–203, for which he received two suspended prison sentences. He was placed on probation and was ordered to pay restitution. On appeal, Brown claims that the judgment is erroneous because he pleaded guilty to burglary, *see id.* § 76–6–202, not aggravated burglary. He further challenges the trial court's order of restitution to the extent it required him to pay relocation expenses. We reverse and remand for orders consistent with this opinion.

## BACKGROUND [2]

¶ 2 On January 23, 2007, "Brown entered the home of his girlfriend [ (Girlfriend) ] without permission and got in a fight with her mother [ (Mother),] . . . who received a cut to her hand." Girlfriend was living with Mother in Mother's home. Brown acknowl-

---

1. All references to titles 76 and 77 are to the current version of the Utah Code because the relevant sections are identical to those in effect when Brown committed the burglary and aggravated assault.

2. Our recitation of the facts is taken from Brown's plea statement, the record of his statements to the trial court, and the presentence report.

edges that when he arrived at the house, he became suspicious that Girlfriend was seeing another man. He and Girlfriend engaged in an argument, and Mother intervened. When Brown left the residence, Girlfriend locked the door. Brown then demanded to be allowed back into the house to collect his personal belongings. After Girlfriend refused, Brown broke the door and entered the home.

¶ 3 The State filed an Information on January 30, 2007, charging Brown with aggravated assault, aggravated burglary, assault, damage to or interruption of a communication device, and violation of a no contact order. In exchange for dismissal of the other charges, Brown pleaded guilty to aggravated assault, a third degree felony, *see id.* § 76–5–103, and burglary, a second degree felony, *see id.* § 76–6–202. Although the trial court accepted these pleas, it entered judgment against Brown for aggravated assault and aggravated burglary. On August 24, 2007, the trial court sentenced Brown to prison on both charges but suspended those sentences in favor of thirty-six months of probation and full restitution.[3] The trial court allowed the State 180 days to submit a motion for restitution.

¶ 4 On February 29, 2008, the State filed a motion requesting restitution in the amount of $180.98 for Mother's medical expenditures and $2789.74 for Girlfriend's medical and relocation expenses.[4] Brown filed an objection to the State's restitution request, arguing that he could not be responsible for Girlfriend's relocation expenses because they did not arise from the criminal activities for which he was convicted and he did not agree to pay restitution for them.[5] The trial court held a restitution hearing on April 18, 2008, at which time the court granted the State's request and ordered that restitution be paid in full.[6] Brown appeals both the judgment and the restitution order.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Brown argues that this court should vacate the judgment with respect to the conviction for aggravated burglary and remand for entry of a new judgment convicting Brown of burglary under rule 30(b) of the Utah Rules of Criminal Procedure. Rule 30(b) allows a court to correct a clerical mistake in a judgment at any time. *See State v. Lorrah,* 761 P.2d 1388, 1389 (Utah 1988) (per curiam).[7]

¶ 6 Brown also challenges the trial court's restitution order to the extent that it requires him to reimburse Girlfriend for her relocation expenses.

[An appellate court] will not disturb a trial court's order of restitution unless the trial court exceeds the authority prescribed by law or abuses its discretion. Furthermore, [w]hether a restitution [award] is proper ... depends solely upon interpretation of the governing statute, and the trial court's interpretation of a statute presents a question of law, which [this court] review[s] for correctness.

---

3. Although the judgment convicts Brown of aggravated burglary, it lists the crime as a second degree felony. *But see* Utah Code Ann. § 76–6–203(2) (2008) ("Aggravated burglary is a first degree felony."). Burglary, the crime to which Brown actually pleaded, is a second degree felony. *See id.* § 76–6–202(2). Brown's sentence comports with the sentencing guidelines for a second degree felony, *see id.* § 76–3–203, and he does not challenge the propriety of the sentence.

4. Girlfriend's relocation expenses total $1800, which includes $500 for the security deposit and $1300 for two months rent.

5. The State concedes that Brown did not agree to pay for Girlfriend's relocation expenses, but it contends those expenses arose from Brown's criminal activity.

6. The trial court's decision was based on its assumption that Girlfriend "probably lost the deposit [on her home with Mother] because [Brown] kicked in the door, you know, that's what those things are supposed to cover." The State concedes that "[Brown] rightly attacks that assumption as unsupported by the record" but asserts the order of restitution with respect to moving expenses should be upheld on other grounds.

7. Brown alternatively seeks review of his claim that the trial court erroneously convicted him of aggravated burglary under the plain error doctrine. *See generally State v. Cram,* 2002 UT 37, ¶ 9, 46 P.3d 230 (noting that plain error is an exception to the preservation requirement). We need not address his claim under the plain error doctrine because we remand for correction of the judgment pursuant to rule 30(b).

**276**

*State v. Miller,* 2007 UT App 332, ¶ 6, 170 P.3d 1141 (second and third alterations and omission in original) (citation and internal quotation marks omitted).

## ANALYSIS

### I. The Trial Court Erroneously Entered Judgment for Aggravated Burglary, Rather than Burglary.

¶ 7 Brown argues that the trial court erred in entering a conviction for aggravated burglary because he pleaded guilty to burglary. Brown did not contest the judgment in the district court, but he asserts that this court may remand to the trial court to correct the error under rule 30(b) of the Utah Rules of Criminal Procedure, *see* Utah R.Crim. P. 30(b) (permitting a court to correct a clerical mistake in judgment at any time).

¶ 8 The State concedes that the trial court incorrectly entered the conviction and that remand for entry of a corrected judgment is appropriate under rule 30(b). In light of the clear record that Brown pleaded guilty to burglary, not aggravated burglary, and the State's concession on this issue, we agree with Brown that the trial court erred in entering the conviction for aggravated burglary and remand for correction of this error. *See Lorrah,* 761 P.2d at 1389 ("To ascertain the clerical nature of the mistake, [appellate c]ourt[s] will look to the record to harmonize the intent of the court with the written judgment.").

### II. The Record Does Not Support Restitution for Girlfriend's Relocation Expenses.

¶ 9 Brown next argues that the restitution order for Girlfriend's $1800 in relocation expenses was improper for two reasons. First, he contends that there is no causal connection between Girlfriend's relocation and his admitted criminal activities. Second,

Brown claims that the expenses are more appropriately classified as pain and suffering damages, which are not collectible under the restitution statute, *see* Utah Code Ann. § 77–38a–102(6) (2008) (excluding pain and suffering from definition of pecuniary damages).

¶ 10 Restitution may be ordered for pecuniary damages arising out of the defendant's criminal activity. *See* Utah Code Ann. § 76–3–201(4) (2008). Pecuniary damages are "all demonstrable economic injur[ies] ... arising out of the facts or events constituting the defendant's criminal activities." Utah Code Ann. § 77–38a–102(6). Thus, to include an amount in a restitution order, the State must prove that the victim has suffered economic injury and that the injury arose out of the defendant's criminal activities. *See id.* The State has not met that burden here.

¶ 11 Even if we were to assume that after she moved to her own apartment, Girlfriend incurred expenses greater than those when she lived with Mother,[8] there is no record evidence to support the State's assumption that Girlfriend moved due to fear of Brown. Indeed, Brown was arrested in January 2007, and Girlfriend did not relocate until seven or eight months later.[9] Without establishment of a causal connection between the economic injury and the crime, restitution of the relocation expenses is inappropriate. *See id.* Utah has adopted a modified "but for" test to determine whether pecuniary damages actually arise out of criminal activities. *See State v. McBride,* 940 P.2d 539, 544 (Utah Ct.App.1997). A modified "but for" test requires that (1) the damages " 'would not have occurred but for the conduct underlying the ... [defendant's] conviction' " and (2) the " 'causal nexus between the [criminal] conduct and the loss ... is not too attenuated (either factually or temporally).' " *Id.* at 544 n. 5 (quoting *United States v. Vaknin,* 112 F.3d 579, 590 (1st Cir.1997)).

---

**8.** The record is silent on whether and in what amount Girlfriend may have been paying rent to Mother. Consequently, it does not indicate whether Girlfriend suffered any economic injury by relocating. Nor does the record show the amount of any such injury, as quantified by the comparison between her living expenses prior to and after the move. *See generally* Utah Code

Ann. § 77–38a–102(6) (2008) (defining "pecuniary damages" as "all demonstrable economic injury").

**9.** Although the State and Brown disagree as to the motivation for that delay, the record does not permit anything but speculation on that point.

The record is inadequate to establish either requirement.

 ¶ 12 Neither Girlfriend nor Mother participated in the preparation of the presentence report or attended any of the proceedings in this matter. Consequently, there is no indication from Girlfriend as to her motive in moving from Mother's home seven or eight months after the incident involving Brown. Although the State alleges that Brown does not dispute that Girlfriend relocated out of fear that Brown would retaliate, we disagree. The portion of the record cited by the State for this proposition is the argument of the prosecutor at the restitution hearing: "The victim relocated out of fear that the defendant would retaliate or come back again after he got out of custody." The record shows that Brown did not acquiesce in that statement. In response to the prosecutor's argument, Brown's counsel stated, "It wasn't alleged in the State's original request for anything that [the move] was because of her fear of anything.... [T]he relocation happened eight months after the offense. There's no allegations of even threatening." We see no capitulation on this point and no record evidence to support the assumptions about why Girlfriend relocated.[10] Consequently, we agree with Brown that the restitution award must be amended to remove the costs of Girlfriend's relocation.[11]

## CONCLUSION

¶ 13 We vacate Brown's conviction for aggravated burglary and remand for entry of a corrected judgment of conviction for burglary. We also reverse the trial court's order of restitution for Girlfriend's relocation expenses and remand to the trial court to reduce the restitution order to $1170.72, the amount that covers Girlfriend's and Mother's medical expenses.

¶ 14 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and JAMES Z. DAVIS, Judge.

---

10. We also reject the State's argument that it was excused from establishing the causal connection between the crime and the restitution amount because the Office of Crime Victims Reparations had reimbursed Girlfriend $1300 in rent and a $500 security deposit. The trial court must determine whether restitution is available from the record before it rather than from assumptions about the analysis an administrative agency may have employed in reaching its conclusions under a distinct statute that the State concedes has different goals and limitations. *Compare* Utah Code Ann. § 63–25a–411 (2004) (current version as amended at Utah Code Ann. § 63M–7–511 (2008)) (discussing the types and amounts of losses the reparations office may reimburse a crime victim), *with* Utah Code Ann. § 77–38a–302 (2008) (listing the criteria for a restitution award).

11. Because our decision is based on inadequacy of the record, we do not address the question of whether a victim may recover economic injury in the form of relocation expenses when it is established that the move was made because the victim feared the defendant.