IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110292-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 18, 2012) |
| David Q. Poulsen, | ) | |
| | ) | 2012 UT App 292 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 101401180
The Honorable Steven L. Hansen

Attorneys:     Mark L. Poulsen and Matthew K. Broadbent, Sandy, for Appellant
               Mark L. Shurtleff and John J. Nielsen, Salt Lake City, for Appellee

-----

Before Judges Thorne, Voros, and Roth.

VOROS, Judge:

¶1     Defendant David Q. Poulsen appeals from an order of restitution in connection with his conviction for participating in a pyramid scheme, *see* Utah Code Ann. § 76-6a-4(2) (LexisNexis 2008), on the ground that the order relies on an insufficient causal nexus between his participation in the scheme and the investors' losses. We reverse and remand for a full restitution hearing.

¶2     The Pyramid Scheme Act provides that it is a crime to "participate in, organize, establish, promote, or administer any pyramid scheme." *Id.* § 76-6a-3(1). A pyramid scheme is defined as "any sales device or plan under which a person gives consideration to another person in exchange for compensation or the right to receive

compensation which is derived primarily from the introduction of other persons into the sales device or plan rather than from the sale of goods, services, or other property." *Id.* § 76-6a-2(4). One who "knowingly organizes, establishes, promotes, or administers a pyramid scheme is guilty of a third degree felony." *Id.* § 76-6a-4(1). One who "participates in a pyramid scheme only by receiving compensation for the introduction of other persons into the pyramid scheme . . . is guilty of a class B misdemeanor." *Id.* § 76-6a-4(2).

¶3      Poulsen pled guilty to two counts of participating in a pyramid scheme, a class B misdemeanor. The amended information recited no facts specific to the case other than dates, and the factual basis for his plea was brief:

> On or about . . . March 14th of 2008 and September 26th,
> 2008 this individual solicited funds for a pyramid scheme,
> the total amount was . . . $168,400.

The State later filed a one-sentence written request for restitution accompanied by some documents. One was a letter from an investigator with the county attorney's office. The letter stated that one victim had invested $100,000 and received $18,000 in interest, for a net loss of $82,000, and a second victim had invested $90,000 and received $3,600 in interest, for a net loss of $86,400. The State thus sought $168,400 in restitution. Attached to this letter were copies of promissory notes and personal checks.

¶4      In response, Poulsen requested that no restitution hearing be held because, in his view, the facts admitted at the plea hearing were, as a matter of law, insufficient to justify an order of restitution. The court denied Poulsen's request. After a brief restitution hearing focused on Poulsen's ability to pay, the court concluded that complete restitution was $168,400 and ordered Poulsen to pay restitution of $30,000 to each victim for a total of $60,000.

¶5      Poulsen challenges that restitution award. "We will not disturb a trial court's order of restitution unless the trial court exceeds the authority prescribed by law or abuses its discretion." *State v. Miller*, 2007 UT App 332, ¶ 6, 170 P.3d 1141 (citation and internal quotation marks omitted).

¶6      Poulsen first contends that his conviction of participating in a pyramid scheme does not satisfy the statutory requirement that restitution be awarded only where the

actions complained of could serve as the basis for a cause of action for civil damages. We disagree.

¶7      The Crime Victims Restitution Act allows restitution awards in criminal cases for "pecuniary damages" that result from a defendant's criminal activity. *See* Utah Code Ann. § 77-38a-302(1) (LexisNexis 2008). "Pecuniary damages" are amounts "a person could recover in a civil action arising out of the facts or events constituting the defendant's criminal activities . . . ." *Id.* § 77-38a-102(6). We therefore must determine whether the restitution awarded by the court "constitutes pecuniary damages that are recoverable in a civil action." *Miller*, 2007 UT App 332, ¶ 11.

¶8      The analysis is not difficult in this case. The Pyramid Scheme Act expressly allows for civil remedies for victims of pyramid schemes: "Any person giving consideration in connection with a pyramid scheme may . . . declare his giving of consideration and the related sale or contract for sale void, and may bring a court action to recover the consideration." Utah Code Ann. § 76-6a-6(1) (LexisNexis 2008); *see also Peterson v. Sunrider Corp.*, 2002 UT 43, ¶ 39 & n.14, 48 P.3d 918 (recognizing that civil remedies in connection with pyramid schemes are embraced by Utah Code section 76-6a-6(1)). Furthermore, the Pyramid Scheme Act itself specifies that one who pleads guilty to participating in a pyramid scheme is subject to civil liability under the Utah Consumer Sales Practices Act (UCSPA): "A criminal conviction under [the Pyramid Scheme Act] is prima facie evidence of a violation of Section 13-11-4, the [UCSPA]." Utah Code Ann. § 76-6a-3(2). Under the UCSPA, "[a] consumer who suffers loss as a result of a violation of [the UCSPA] may recover . . . actual damages or $2,000, whichever is greater, plus court costs." *Id.* § 13-11-19(2) (LexisNexis Supp. 2012). Because losses suffered by investors in a pyramid scheme may be recovered in a civil action, those losses qualify as pecuniary damages for purposes of criminal restitution.[1]

¶9      Poulsen's next two claims on appeal intertwine. He contends that the facts on the record do not support a sufficient causal nexus between his criminal conduct and the

---

1. The State acknowledges on appeal that the trial prosecutor argued different theories of civil liability below, but asserts that we may affirm on the alternative grounds discussed above. *See Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158. We agree. Furthermore, we express no opinion as to additional civil remedies that might be available to victims of a pyramid scheme.

victims' losses. He further contends that he "was denied even a cursory hearing" and thus "has never had a forum in which he could rebut the state's assertion that he injured third persons in such a way that he should be held financially responsible to them."[2]

¶10     "For the purpose of determining restitution for an offense, the offense shall include any criminal conduct admitted by the defendant to the sentencing court or to which the defendant agrees to pay restitution." Utah Code Ann. § 77-38a-302(5)(a) (LexisNexis 2008). Criminal conduct includes "any offense of which the defendant is convicted or any other criminal conduct for which the defendant admits responsibility to the sentencing court with or without an admission of committing the criminal conduct." *Id.* § 77-38a-102(2). This provision prohibits an order of restitution "for criminal activities for which the defendant did not admit responsibility, was not convicted, or did not agree to pay restitution." *State v. Bickley*, 2002 UT App 342, ¶ 9, 60 P.3d 582.

¶11     "[T]o include an amount in a restitution order, the State must prove that the victim has suffered economic injury and that the injury arose out of the defendant's criminal activities." *State v. Brown*, 2009 UT App 285, ¶ 10, 221 P.3d 273; *see also* Utah Code Ann. § 76-3-201(4) (LexisNexis Supp. 2012) (stating that restitution is justified where criminal activity "has resulted in pecuniary damages"); Utah Code Ann. § 77-38a-102(6) (LexisNexis 2008) (defining pecuniary damages as "all demonstrable economic injury . . . arising out of the facts or events constituting the defendant's

---

2. The State contends that any error in denying Poulsen a restitution hearing was invited. *See State v. Geukgeuzian*, 2004 UT 16, ¶ 9, 86 P.3d 742 (holding that the invited error doctrine bars a party from taking "advantage of an error committed at trial when that party led the trial court into committing the error") (citation and internal quotation marks omitted). That is not how we read the record. Poulsen argued that no restitution hearing was necessary because an award of restitution was inappropriate as a matter of law. We do not regard this argument as a waiver of a hearing in the event the court disagreed any more than we would regard a motion for summary judgment as a waiver of trial in the event the motion is denied. *Cf. Wycalis v. Guardian Title of Utah*, 780 P.2d 821, 825 (Utah Ct. App. 1989) ("Each cross-movant implicitly contends that it is entitled to judgment as a matter of law, but that if the court determines otherwise, factual disputes exist which preclude judgment as a matter of law in favor of the other side.").

criminal activities"). "Utah has adopted a modified 'but for' test to determine whether pecuniary damages actually arise out of criminal activities." *Brown*, 2009 UT App 285, ¶ 11. This test requires a showing that "(1) the damages would not have occurred but for the conduct underlying the . . . [defendant's] conviction and (2) the causal nexus between the [criminal] conduct and the loss . . . is not too attenuated (either factually or temporally)." *Id.* (alterations and omissions in original) (citations and internal quotation marks omitted). Restitution may be awarded "only in cases where liability is clear as a matter of law and where the commission of the crime clearly establishes causality of the injury or damages." *State v. Robinson*, 860 P.2d 979, 983 (Utah Ct. App. 1993).

¶12     "If the court determines that restitution is appropriate or inappropriate under [the Crime Victims Restitution Act], the court shall make the reasons for the decision part of the court record." Utah Code Ann. § 77-38a-302(3). Finally, "[i]f the defendant objects to the imposition, amount, or distribution of the restitution, the court shall allow the defendant a full hearing on the issue." *Id.* § 77-38a-302(4).

¶13     These requirements were not fully satisfied here. By pleading guilty to participating in a pyramid scheme, a class B misdemeanor, Poulsen admitted to "receiving compensation for the introduction of other persons into the pyramid scheme." *Id.* § 76-6a-4(2). A brief restitution hearing was later held. No witnesses were called. The State proffered the documents earlier submitted to the court. Poulsen's counsel stipulated that the dollar figures proffered by the State "are amounts that victims put into" the scheme, but denied that "those victims lost that at the hands of [Defendant]. There's no facts in the record to support that . . . ." He argued that "there has to be a [causal] nexus" between the allegations pled to and the restitution, and declared, "I don't believe that that [$168,400] represents a nexus in any way, shape or form to the injury." The trial court acknowledged that the argument "has some persuasive weight" but ultimately rejected it.

¶14     Neither the trial court nor the prosecutor made any attempt to describe a causal nexus between Poulsen's participation in a pyramid scheme and the victims' losses. Moreover, the only "reasons for the decision" included as "part of the court record," *id.* § 77-38a-302(3), are unenlightening: "For the reasons set forth by the State, and for good cause appearing, the motion to dismiss the restitution hearing is hereby denied." The "reasons set forth by the State" consist of the assertion that "[t]he facts show that [Poulsen] introduced [the victims] to the pyramid scheme and as a result of that introduction [the victims] sustained pecuniary damages." The State had alleged that

Poulsen solicited and received funds from the named victims to invest in a payday loan company; that he did not disclose to the victims that he received 10% interest per month on their investments; and that he received a profit of approximately $42,000 from the victims' money invested in the scheme. However, the State did not explain how these facts established a sufficient causal nexus. Furthermore, none of these specific allegations find factual support in the record, because other than a general admission that he solicited funds for a pyramid scheme and received compensation for doing so, Poulsen never admitted to them. On the contrary, his counsel has argued throughout that the victims' losses did not arise from Poulsen's criminal acts.

¶15 Despite Poulsen's objection to the imposition of restitution, he was not allowed "a full hearing on the issue." *Id.* § 77-38a-302(4). The restitution hearing was brief and narrowly limited to a single factor: Poulsen's ability to pay. While this factor is relevant in determining the amount of court-ordered restitution, *see id.* § 77-38a-302(5)(c), Poulsen's remonstrations targeted the threshold question of whether the victims' losses "arose out of the defendant's criminal activities." *See Brown*, 2009 UT App 285, ¶ 10.

¶16 Poulsen maintains that "[t]he record is too sparse, the facts too elusive, the liability too attenuated, and the causation too conclusory for anyone to be able to establish that the participatory acts admitted to are the source of the putative injury." We would not go that far. Poulsen did stipulate that the victims' net loss was $168,400. And the State produced photocopies of negotiable instruments from which that amount was calculated. But these bare bones proffers do not flesh out "the causal nexus between the [criminal] conduct and the loss," leaving little basis to determine whether that nexus "is not too attenuated (either factually or temporally)." *See State v. Brown*, 2009 UT App 285, ¶ 11, 221 P.3d 273 (alteration in original) (citations and internal quotation marks omitted). Poulsen did not plead guilty to robbery or a similar crime where the causal nexus between the defendant's act and the victim's loss is readily apparent; he pled guilty to participating in a pyramid scheme. The nexus between his participation and these victims' losses is not obvious. Indeed, the record does not even indicate precisely what Poulsen said or did. Moreover, he repeatedly and strenuously objected to the lack of such a factual connection.

¶17 Poulsen's resistance was understandable; the stakes were not inconsequential. "Upon the court determining that a defendant owes restitution, the clerk of the court shall enter an order of complete restitution . . . on the civil judgment docket . . . ." Utah Code Ann. § 77-38a-401(1) (LexisNexis Supp. 2012). That order "shall be considered a

legal judgment, enforceable under the Utah Rules of Civil Procedure." *Id.* § 77-38a-401(2). Here, the court determined that complete restitution was $168,400 and ordered restitution of $60,000. Poulsen thus walked out of a restitution hearing lasting several minutes subject to a civil judgment of $168,400 without ever having had the opportunity to test the factual underpinnings of that award.[3] We do not believe our Legislature contemplated such cursory process when it adopted the Crime Victims Restitution Act.

¶18    In sum, where, as here, a factual dispute exists as to whether the victims' losses arose from the defendant's criminal acts, a trial court "exceeds the authority prescribed by law or abuses its discretion," *State v. Miller*, 2007 UT App 332, ¶ 6 (citation and quotation marks omitted) if it does not "allow the defendant a full hearing on the issue." Utah Code Ann. § 77-38a-302(4). We reverse and remand for such a hearing.

_____
J. Frederic Voros Jr., Judge

-----

¶19    WE CONCUR:

_____
William A. Thorne Jr., Judge

_____
Stephen L. Roth, Judge

---

3. The transcript of the hearing is only twelve pages.