McHUGH, Judge
(concurring):
T 15 I agree with the lead opinion that the restitution award should be set aside and the matter remanded for further consideration. However, in my view, the question on remand is simply whether the counseling fees for preexisting conditions, such as Victim's substance abuse, are too factually or temporally attenuated to meet Utah's modified "but for" test for determining complete restitution.
[ 16 "A modified 'but for' test requires that (1) the damages 'would not have occurred but for the conduct underlying the ... [defendant's] convietion' and (2) the 'causal nexus between the [criminal] conduct and the loss . is not too attenuated (either factually or temporally)" " State v. Brown, 2009 UT App 285, ¶ 11, 221 P.3d 273 (alterations and omissions in original) (quoting State v. McBride, 940 P.2d 539, 544 n. 5 (Utah Ct.App.1997)). In Brown, the defendant entered his girlfriend's home and assaulted his girlfriend's mother. Id. 12. As part of the total restitution award imposed, the trial court included the expenses the girlfriend incurred in relocating to her own apartment seven or eight months after the incident. Id. 194, 11. On appeal, we reversed because the State had failed to prove a causal connection between the relocation expenses and the crime. Id. ¶¶ 11-13.
T17 I agree with the lead opinion that a similar conclusion may be appropriate here with respect to some of the counseling expenses. I view as well supported the trial court's finding that the commitment of Vie-tim to a residential facility was necessary due to the real concerns that she might harm herself, and that the triggering event for her suicidal intent was Ruiz's sexual assault. Onee in the residential facility, however, the treatment and counseling addressed mental health issues that Victim had suffered from long before the assault. While some or all of that counseling may meet Utah's modified "but for" test, I would remand for the trial court to examine the various categories of treatment to determine if they are too factually or temporally attenuated to do so.